UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case No. 24-cr-0088-bhl

v.

JAMES MORGAN,

        Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORTS AND RECOMMENDATIONS

On April 23, 2024, a grand jury indicted Defendant James Morgan on charges of retaining, owning, and possessing; and attempting to retain, own, and possess chemical weapon precursors, namely calcium hypochlorite and hydrochloric acid, which, when combined, create chlorine and chlorine gas, a toxic chemical, in violation of 18 U.S.C. §§ 229(a) and 229F. (*See* ECF No. 1.) On May 13, 2024, the defendant was arraigned, and the magistrate judge set a schedule for filing pretrial motions. (ECF Nos. 6 & 7.) The defendant twice requested (without opposition) extensions of the motions deadline, and the magistrate judge granted both requests. (ECF Nos. 8 & 10.)

On July 19, 2024, the defendant filed two motions, a motion to suppress and a motion to dismiss. (ECF Nos. 11 & 12.) The government responded to both motions on August 2, 2024. (ECF Nos. 13 & 14.) The defendant filed replies in support of both motions on August 19, 2024. (ECF Nos. 16 & 17.)

On October 8, 2024, Magistrate Judge Nancy Joseph issued two Reports and Recommendations, concluding that this Court should deny both motions. (ECF Nos. 18 & 19.) The defendant filed objections to both Reports on October 22, 2024, (ECF Nos. 20 & 21), and the government responded on November 5, 2024. (ECF Nos. 22 & 23.) Under General Local Rule 72(c)(3), the defendant had an additional seven days, or until November 12, 2024, to file replies to both motions, but he made no filings.

Pursuant to Federal Rule of Criminal Procedure 59, a "district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment . . . [or] a motion to suppress evidence . . . ." Fed. R. Crim. P. 59(b)(1); *see also* Gen. L.R. 72(b)(2)(N) (magistrate judge's duties include "[s]upervising and determining all pretrial proceedings and motions made in criminal cases including, without limitation, motions and orders made pursuant to Fed. R. Crim. P. 12 . . . ."). After the magistrate judge enters a recommendation regarding a motion, the district judge reviews *de novo* any objections to the recommendation. Fed. R. Crim. P. 59(b)(3). The district court may "accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed the motions, responses, Judge Joseph's thorough and well-reasoned Reports, the defendant's objections, and the government's response to those objections. Even applying *de novo* review to those portions objected to by the defendant, the record confirms, as described below, that Judge Joseph correctly concluded that both motions should be denied. Accordingly, the Court will overrule the defendant's objections and adopt the magistrate judge's Reports, including Judge Joseph's reasoning, in their entirety.

With respect to the motion to suppress, Judge Joseph correctly determined that the affidavit submitted in support of the search warrant for the defendant's storage unit provided a sufficient nexus to the storage unit and was not based on stale information. (ECF No. 18 at 9–13.) She also correctly concluded that, even if an error rendered the search warrant deficient, the good faith exception applied. (*Id.* at 13–15.) With respect to the motion to dismiss, Judge Joseph correctly concluded that the defendant's conduct was closer to the "possession of extremely dangerous substances with the potential for severe mass harm" than to purely local "common law assault" under *Bond v. United States*, 572 U.S. 844 (2014), and fit comfortably within the purpose of 18 U.S.C. § 229. (ECF No. 19 at 13, 20.) As *Bond* recognized, Section 229 applies to "acts with the potential to cause mass suffering" and "substances with the potential to cause severe harm to people." 527 U.S. at 863–64. Judge Joseph also correctly ruled that the defendant's alleged conduct and statements about creating chlorine gas to use against enemies fit comfortably within the federal government's substantial interest in enforcing criminal laws against "acts with the potential to cause mass suffering" that have not traditionally been left predominantly to the States under the Tenth Amendment. (ECF No. 19 at 17.) Finally, Judge Joseph correctly ruled that 18 U.S.C. § 229 is not unconstitutionally vague. (*Id.* at 17–19.)

The government has also filed an unopposed request to exclude time under the Speedy Trial Act. (ECF No. 24.) The Court will grant the government's request and makes the following Speedy Trial finding: Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by a continuance outweigh the public's and the defendant's interest in a speedy trial as the case presents novel questions of fact and law and it is unreasonable for the trial itself within the time limits established by this section and failing to grant the continuance would deny the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and excludes all time from July 19, 2024, through and including the date of this Order.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **OVERRULES** Defendant's objections to Judge Joseph's Report and Recommendation, ECF No. 20, and **ADOPTS** the Recommendation of Judge Joseph, ECF No. 18.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress, ECF No. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **OVERRULES** Defendant's objections to Judge Joseph's Report and Recommendation, ECF No. 21, and **ADOPTS** the Recommendation of Judge Joseph, ECF No. 19.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that the government's Unopposed Request to Exclude Time Under Speedy Trial Act, ECF No. 24, is **GRANTED.** The Court excludes all time from July 19, 2024 through and including the date of this Order.

Dated at Milwaukee, Wisconsin on January 31, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge